JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
On March 31, 2003, shortly after midnight, defendant-appellant Tony DeJohn was arrested for driving under the influence of alcohol after a police officer administered field sobriety tests. Prior to trial, DeJohn moved to suppress the results of those tests because they were not administered in strict compliance[1] with standardized testing procedures. The trial court agreed with DeJohn and suppressed the results of the field sobriety tests, but held that the police officer still had probable cause to arrest DeJohn for drunk driving based on the totality of the circumstances surrounding the traffic stop. Because the trial court ultimately did not suppress all the evidence, DeJohn entered a plea of no-contest to driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and crossing a marked lane in violation of R.C. 4511.33.
DeJohn now appeals his convictions,[2] bringing forth a single assignment of error in which he argues that the trial court erred in denying his motion to suppress "based on a finding of probable cause." We are unpersuaded.
In State v. Homan,[3] the Supreme Court of Ohio held that while field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. "The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests [have been] administered or where * * * the test results must be excluded for lack of strict compliance."[4]
Accordingly, we must determine whether the police officer here had probable cause to arrest DeJohn absent the results of the field sobriety tests. Upon a review of the record, we conclude that he did.
Here, Officer Brian Schlasinger testified that he had heard a police broadcast warning of a possible drunk driver in his vicinity. Schlasinger testified that he stopped DeJohn's car because it matched the description of the vehicle in the dispatch and because he had observed DeJohn make a "wide" turn from an exit ramp and then twice cross over the double-yellow line by at least a foot. During the traffic stop, Schlasinger noticed that DeJohn's eyes were glassy, watery and "kind of red," and he also detected a "strong odor" of an alcoholic beverage emanating from DeJohn. DeJohn admitted to the officer that he had consumed one beer at the Argosy Casino that evening. Schlasinger asked DeJohn to perform two field sobriety tests, both of which he failed. Subsequently, Schlasinger arrested DeJohn for driving under the influence of alcohol.
Excluding the field sobriety tests, we hold that the other observations of the police officer provided probable cause to arrest DeJohn for driving under the influence of alcohol.[5] Accordingly, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] We note that the Ohio legislature has amended R.C. 4511.19(D)(4)(b) to require only that field sobriety tests be administered in substantial compliance with the procedures promulgated by the National Highway Traffic Safety Administration ("NHTSA"). This amendment became effective April 9, 2003. Since DeJohn was arrested on March 31, 2003, he falls under the previous statute that requires strict compliance with the NHTSA procedures.
[2] DeJohn filed a separate notice of appeal for his conviction under R.C. 4511.33, which was assigned appeal number C-040228. DeJohn has not set forth any assignments of error or arguments regarding that conviction. Accordingly, we affirm the judgment of the trial court in the appeal numbered C-404228.
[3] (2000), 89 Ohio St.3d 421, 732 N.E.2d 952.
[4] Id. at 427.
[5] See Homan, supra; State v. Kiefer, 1st Dist. No. C-030205, 2004-Ohio-5054; State v. Lopez, 1st Dist. Nos. C-020516 and C-02051, 2003-Ohio-2072 (probable cause to arrest for driving under the influence of alcohol when defendant was speeding, arresting officer smelled a strong odor of alcohol on defendant's breath, and defendant had bloodshot eyes).